IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO L. LEE, ) | |
| ) | Case Number: 12 cv 5082 |
| *Plaintiff,* ) | |
| v. ) | Judge: |
| ) | |
| CITY OF MARKHAM, a Municipal Corporation, ) | |
| JAMES NEWELL Individually and as OFFICER ) | |
| JAMES NEWELL, STAR NO. 547, DASHUN ) | |
| L. WALKER Individually and as OFFICER ) | |
| DASHUN L. WALKER, JEREMY EARL ) | Magistrate Judge: |
| Individually and as OFFICER JEREMY EARL, ) | |
| RAMON DAVIS Individually and as OFFICER ) | |
| RAMON DAVIS, KEN MURDOLW A/K/A ) | |
| MURDLOW Individually and as OFFICER KEN ) | |
| MURDOLW A/K/A MURDLOW, B. WALKER ) | |
| Individually and as OFFICER B. WALKER, T. ) | |
| DUFFIN Individually and as OFFICER T. ) | |
| DUFFIN, AND VARIOUS UNKNOWN ) | |
| OFFICERS OF THE MARKHAM POLICE ) | |
| DEPARTMENT, Individually and as an ) | |
| Employee/Agent of the CITY OF MARKHAM, ) | |
| a Municipal Corporation, and MARKHAM ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| *Defendants.* ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, Antonio L. Lee, by and through his attorneys, Henderson Adam, LLC, to complain of Defendants, City of Markham, a Municipal Corporation, Markham Police Department, James Newell Individually and as Officer James Newell (Star No. 547) (hereinafter "Newell"), Dashun L. Walker Individually and as Officer Dashun L. Walker (hereinafter "D. Walker"), Jeremy Earl Individually and as Officer Jeremy Earl (hereinafter "Earl"), Ramon Davis Individually and as Officer Ramon Davis (hereinafter "Davis"), Ken Murdolw a/k/a Murdlow Individually and Officer Ken Murdolw a/k/a Murdlow (hereinafter "Murdolw a/k/a

1

Murdlow"), B. Walker Individually and as Officer B. Walker (hereinafter "B. Walker"), T. Duffin Individually and as Officer T. Duffin (hereinafter "Duffin"), and Various Unknown Officers of the Markham Police Department, as follows:

## NATURE OF CASE

1. This is an action for monetary damages brought pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois.

2. Plaintiff, Antonio L. Lee, brings this action to obtain redress for Defendants' misconduct, which has included, among other things, aggravated battery and unlawfully arresting and detaining Plaintiff; causing Plaintiff to sustain emotional, physical and economic injuries.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because Plaintiff's claims arise under the Constitution and laws of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because the facts that gave to the claims occurred within the Northern District of Illinois.

## THE PARTIES

5. At all relevant times herein, Plaintiff, Antonio L. Lee, resided in Cook County, Illinois.

6. At all relevant times herein, Defendant, City of Markham was a Municipal Corporation and the principal employer of Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, and Duffin.

7. At all relevant times herein, Defendant, Newell, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and

under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

8. At all relevant times herein, Defendant, D. Walker, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

9. At all relevant times herein, Defendant, Earl, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

10. At all relevant times herein, Defendant, Davis, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

11. At all relevant times herein, Defendant, Murdolw a/k/a Murdlow, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

12. At all relevant times herein, Defendant, B. Walker, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

13. At all relevant times, herein, Defendant, Duffin, resided in Markham, Illinois, served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

14. At all relevant times herein, various unknown officers (whose names have yet to be discovered) resided in Markham, Illinois, served as duly appointed City of Markham agents/employees, and acted in their official capacities and under the color of law as sworn law enforcement officers and in the scope of their employment with the city of Markham as sworn law enforcement officers.

15. City of Markham is a municipal corporation, incorporated under the laws of the State of Illinois, that employed each of the defendant police officers/agents at all times relevant to this Complaint.

## FACTUAL BACKGROUND

16. On July 31, 2010, Plaintiff, Antonio L. Lee, entered the Markham Police Department at the direction of Defendant, Officer Newell.

17. On July 31, 2010, Plaintiff, Antonio L. Lee, was at the Markham Police Department to bail out a family member.

18. On July 31, 2010, while peacefully waiting at the Markham Police Department to bail out a family member, Plaintiff, Antonio L. Lee, was intentionally subjected to verbal threats by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown agents/employees of the City of Markham.

19. That at no time, immediately before said incident did Plaintiff, Antonio L. Lee, threaten, provoke or otherwise act in an aggressive manner so that Defendants agents, servants

and employees of the City of Markham would or could have been in fear of their own physical well-being.

20. On July 31, 2010, while peacefully waiting at the Markham Police Department to bail out a family member, without provocation, Plaintiff, Antonio L. Lee, was intentionally attacked and beaten by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown agents/employees of the City of Markham.

21. On July 31, 2010, Plaintiff, Antonio L. Lee, while being beaten by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown agents/employees of the City of Markham, Plaintiff, Antonio L. Lee, was intentionally dragged into a room that the officer knew had no surveillance.

22. After being beaten on July 31, 2010, by the afore-mentioned agents/employees of the City of Markham, Plaintiff, Antonio L. Lee, was unlawfully arrested and charged with criminal trespass, and resisting/obstructing an officer.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983– UNLAWFUL/FALSE ARREST
### WILLFUL AND WANTON
### (Plaintiff v. Defendant Officers, Detectives and City of Markham)

23. Plaintiff, Antonio L. Lee, re-allege paragraphs 1 – 21 of this count as if fully stated herein.

24. At all relevant times herein, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown officers, served as duly appointed City of Markham agents/employees, and acted under the color of law and in their official capacities as sworn law enforcement officers and in the course and scope of their employment with the City of Markham.

25. On July 31, 2010, Plaintiff, Antonio L. Lee, was willfully and unlawfully arrested by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown officers, since he was not trespassing and never resisted arrest.

26. The willful and wanton acts or omissions of Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham violated the United States Constitution and infringed upon the constitutionally protected rights of Plaintiff, Antonio L. Lee, by willfully and unlawfully detaining and/or arresting him without justification and/or probable cause.

27. The willful and wanton acts or omissions of Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham violated the constitutional right of Plaintiff, Antonio L. Lee, to be free from false arrest.

28. Defendant, City of Markham, its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham had a duty not to violate the constitutionally protected rights of Plaintiff, Antonio L. Lee.

29. Defendant, City of Markham, its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham acted with a conscious disregard and/or a reckless disregard for the duty owed to Plaintiff, Antonio L. Lee.

30. As a direct result of the aforementioned willful and wanton acts or omissions by Defendants, City of Markham, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B.

Walker, Duffin, Plaintiff, Antonio L. Lee, was unlawfully arrested and deprived of his liberty without due process of law.

31. On or about July 31, 2012, and thereafter, as a direct and proximate result of the foregoing willful and wanton acts or omissions by Defendant, City of Markham, by and through its agents and/or employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers of Defendant, City of Markham, Plaintiff, Antonio L. Lee, suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT II
### 42 U.S.C. § 1983–EXCESSIVE FORCE
(Plaintiff v. Defendant Officers, Detectives and City of Markham)

32. Plaintiff, Antonio L. Lee, re-alleges paragraphs 1 – 31 of this count as if fully stated herein.

33. Defendants, City of Markham, its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham, without provocation, used excessive,

7

unnecessary and/or unreasonable force against Plaintiff, Antonio L. Lee, in violation of his rights under the United States Constitution.

34. The conduct of these defendants was intentional, willful, malicious, in reckless disregard of, deliberately indifferent to and/or callously indifferent to the constitutional rights of Plaintiff, Antonio L. Lee, under the Fourth And Fourteenth Amendments of the United States Constitution.

35. This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of State law.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**COUNT III**
**42 U.S.C. § 1983–CONSPIRACY**
**WILLFUL AND WANTON**
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

36. Plaintiff, Antonio L. Lee, re-allege paragraphs 1 – 35 of this count as if fully stated herein.

37. At all relevant times herein, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown officers served as duly appointed City of Markham agents/employees, and acted under the color of law and in the course and scope of their employment with the City of Markham and in their official capacities as sworn law enforcement officers.

38. On July 31, 2010, Defendant, City of Markham by and through its duly appointed agents/employees, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers/agents of Defendants, City of Markham, lacked probable cause to detain, arrest or charge Plaintiff, Antonio L. Lee, with violations of the Illinois Criminal Code.

39. On July 31, 2010, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers/agents of Defendant, City of Markham, agreed to fabricate evidence to effect an unauthorized arrest.

40. On July 31, 2010, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various officers of the City of Markham agreed to unlawfully arrest Plaintiff, Antonio L. Lee.

41. In furtherance of the agreement between Defendant, City of Markham through its duly appointed agents/employees, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, did, in fact, unlawfully arrest Plaintiff, Antonio Lee.

42. Defendant, City of Markham, its agents/employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham had a duty not to violate the constitutionally protected rights of Plaintiff, Antonio L. Lee.

43. Defendant, City of Markham, by and through its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers of the City of Markham acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff, Antonio L. Lee.

44. Defendant, City of Markham, its agents/employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham, through its willful and wanton acts acted in concert and knowingly falsified police reports, filed false criminal charges, and conspired to "cover up" the false arrest and detention of Plaintiff, Antonio L. Lee..

45. As a direct and proximate result of the foregoing agreed upon willful and wanton acts or omissions by Defendant, City of Markham by and through its agents and/or employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers of Defendant City of Markham, Plaintiff, Antonio L. Lee, suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A.  Enter judgment in favor of the Plaintiff and against all Defendants.

B.  Award compensatory damages in an amount in excess of $75,000.

C.  Award punitive damages in favor of Plaintiff and against all Defendants.

D.  Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E.  Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT IV
## COMMON LAW BATTERY
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

46. Plaintiff, Antonio L. Lee, re-alleges paragraphs 1 – 45 of this count as if fully stated herein.

47. By said acts or omissions of the Defendants City of Markham, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, as alleged herein, Defendants committed an offensive and unauthorized touching of Plaintiff, Antonio Lee.

48. As a direct and proximate result of the aforesaid acts by Defendants, City of Markham, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, Plaintiff, Antonio L. Lee, suffered physical injury and pain, incurred the expense of medical treatment, lost income and/or earning capacity, and suffered and does suffer a loss of normal life.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT V
## COMMON LAW BATTERY – RESPONDEAT SUPERIOR
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

49. Plaintiff, Antonio L. Lee, re-alleges paragraphs 1 – 48 of this count as if fully stated herein.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT VI
### COMMOM LAW FALSE ARREST AND IMPRISONMENT
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

50. Plaintiff, Antonio L. Lee, re-alleges paragraphs 1 – 49 of this count as if fully stated herein.

51. Plaintiff, Antonio L. Lee, was not guilty of any crime at the time of said arrest.

52. Plaintiff, Antonio L. Lee, was handcuffed and further denied his liberty of movement for an extended period of time.

53. Plaintiff, Antonio L. Lee, was subsequently imprisoned and further denied his liberty of movement for an extended period of time.

54. As a direct and proximate result of the aforesaid acts by Defendants, City of Markham, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, Plaintiff, Antonio L. Lee, suffered emotional trauma, anguish, and humiliation, incurred the

expense of medical treatment, lost income and/or earning capacity, and suffered and does suffer a loss of normal life.

  **WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

  A.  Enter judgment in favor of the Plaintiff and against all Defendants.

  B.  Award compensatory damages in an amount in excess of $75,000.

  C.  Award punitive damages in favor of Plaintiff and against all Defendants.

  D.  Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

  E.  Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT VII - FALSE ARREST MONELL CLAIM
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

55.  Plaintiff re-alleges paragraphs 1-54 and incorporates them herein.

56.  The actions of the Defendant Officers and Detectives, as alleged above, were done pursuant to one or more interrelated *defacto* polices, practices, and/or customs of the City of Markham, its police department, and/or its supervisory personnel.

57.  At the time of the incident, the City of Markham, its police department, and/or its supervisory personnel had one or more interrelated *defacto* polices, practices, and/or customs of failing to train the Defendant Officers and Detectives not to violate the Fourth Amendment rights of individuals, including the Plaintiff. Specifically, the Defendant Officers and Detectives were not trained in the proper use and implementation of the legal process. Furthermore, Defendant, City of Markham, failed to properly train its Offices and Detectives on sworn testimony given under oath pursuant to penalties of perjury as said Defendant Officers and Detectives, repeatedly

13

lied under oath in furtherance of the criminal charges against Plaintiff, Antonio L. Lee, which lacked probable cause. This failure led directly to the injuries sustained by Plaintiff, Antonio L. Lee.

58. These policies, practices, and/or customs were the "driving force" and cause of the Defendant Officers and Detectives violating the Fourth Amendment rights of individuals, including the Plaintiff, Antonio L. Lee.

59. The actions of the City of Markham, its police department, and/or supervisory personnel were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and injuries, described above.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT VIII - CONSPIRACY MONELL CLAIM
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

60. Plaintiff re-alleges paragraphs 1 - 59 and incorporates them herein.

61. The actions of the Defendant Officers and Detectives, as alleged above, were done pursuant to one or more interrelated *defacto* polices, practices, and/or customs of the City of Markham, its police department, and/or its supervisory personnel.

62. At the time of the incident, the City of Markham, its police department, and/or its supervisory personnel had one or more interrelated *defacto* polices, practices, and/or customs of failing to train the Defendant Officers and Detectives not to violate the Fourth Amendment rights of individuals, including the Plaintiff. Specifically, the Defendant Officers and Detectives were not trained in the proper use and implementation of the legal process. Furthermore, Defendant, City of Markham, failed to properly train its Offices and Detectives on not to fabricate evidence, Defendant, Officers and Detectives, repeatedly lied using a document that was falsified in the initial charges and thereafter. In furtherance of the criminal charges against Plaintiff, Antonio L. Lee, which lacked probable cause, Defendant lied under oath relying on a document containing false information. This failure led directly to the injuries sustained by Plaintiff, Antonio L. Lee.

63. These policies, practices, and/or customs were the "driving force" and cause of the Defendant Officers and Detectives violating the Fourth Amendment rights of individuals, including the Plaintiff, Antonio L. Lee.

64. The actions of the City of Markham, its police department, and/or supervisory personnel were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and injuries, described above.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**COUNT IX - ILLINOIS STATE CLAIM OF WILLFUL AND WANTON CONDUCT**
**(Plaintiff v. Defendant Officers, Detectives and City of Markham)**

65. Plaintiff re-alleges paragraphs 1 – 64 and incorporates them herein.

66. The actions of the Defendant Officers and Detectives, in repeatedly providing false testimony while under oath and misusing the legal process, inappropriately, demonstrated and amount to willful and wanton conduct.

67. Knowing of the potential for serious deprivation of Plaintiff's rights and injury to the Plaintiff, the Defendant Officers and Detectives knowingly and recklessly disregarded this risk multiple times, the end-result of these intentional acts being the injuries sustained by the Plaintiff.

68. The actions of the Defendant Officers and Detectives were the direct and proximate cause of the injuries suffered by the Plaintiff, described more fully above.

69. The Defendant Officers and Detectives were acting in the course and scope of their employment with the City of Markham in taking these actions, and thus the City of Markham is liable based on the theory of respondeat superior.

70. As a result of all the aforementioned actions by the Defendant Officers and Detectives, the Plaintiff suffered loss of freedom and liberty, loss of society, psychological damage, emotional distress, injury, and pecuniary injury.

**WHEREFORE**, Plaintiff demands judgment and compensatory damages against all Defendants and because they acted maliciously, wantonly, and oppressively, Plaintiff demands

substantial punitive damages against Defendants Newell, Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker and Duffin and any other additional relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff, Julian Dailey, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT X - ILLINOIS STATE LAW CLAIM OF INDEMNIFIVATION PURSUANT TO 745 ILCS 10/9-102
**(Plaintiff v. City of Markham)**

71. Plaintiff re-alleges paragraphs 1 – 70 and incorporates them herein.

72. Defendant, City of Markham, is the indemnifying entity for the actions of the Defendant Officers and Detectives, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Markham..

**WHEREFORE,** should Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B,. Walker, and Duffin, be found liable of the federal claims set forth above, the Plaintiff, Antonio L. Lee, demands that Defendant, City of Markham be found liable for any judgment (other than punitive damages) he obtains thereon, pursuant to 745 ILCS 10/9-102.

### JURY DEMAND

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully submitted

By: */s/ Victor P. Henderson*
One Of The Attorneys For Plaintiff

Victor P. Henderson
Samuel E. Adam
**HENDERSON ADAM, LLC**
330 South Wells Street
Suite 1410
Chicago, IL 60606
Phone: (312) 262-2900
Facsimile: (312) 262-2901