IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO L. LEE,  )<br> )<br>*Plaintiff,*  )<br> )<br>v.  )<br>CITY OF MARKHAM, a Municipal Corporation,  )<br>JAMES NEWELL Individually and as OFFICER  )<br>JAMES NEWELL, STAR NO. 547, DASHUN  )<br>L. WALKER Individually and as OFFICER  )<br>DASHUN L. WALKER, JEREMY EARL  )<br>Individually and as OFFICER JEREMY EARL,  )<br>RAMON DAVIS Individually and as OFFICER  )<br>RAMON DAVIS, KEN MURDOLW A/K/A  )<br>MURDLOW Individually and as OFFICER KEN  )<br>MURDOLW A/K/A MURDLOW, B. WALKER  )<br>Individually and as OFFICER B. WALKER, T.  )<br>DUFFIN Individually and as OFFICER T.  )<br>DUFFIN, AND VARIOUS UNKNOWN  )<br>OFFICERS OF THE     MARKHAM POLICE  )<br>DEPARTMENT, Individually and as an  )<br>Employee/Agent of the CITY OF MARKHAM,  )<br>a Municipal Corporation,  )<br> )<br>*Defendants.*  ) | No. 12 cv 5082<br><br>Judge Charles R.<br>Norgle, Sr.<br><br>Magistrate Judge<br>Susan E. Cox |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, Antonio L. Lee, by and through his attorney, Victor P. Henderson, and complains of Defendants, City of Markham, a Municipal Corporation, Markham Police Department, James Newell Individually and as Officer James Newell (Star No. 547) ("Newell"), Dashun L. Walker Individually and as Officer Dashun L. Walker ("D. Walker"), Jeremy Earl Individually and as Officer Jeremy Earl ("Earl"), Ramon Davis, Individually and as Officer Ramon Davis ("Davis"), Ken Murdolw a/k/a Murdlow Individually, and Officer Ken Murdolw a/k/a

1

Murdlow ("Murdolw a/k/a Murdlow"), B. Walker Individually, and as Officer B. Walker ("B. Walker"), T. Duffin Individually, and as Officer T. Duffin ("Duffin"), and Various Unknown Officers of the Markham Police Department, as follows:

## NATURE OF CASE

1. This is an action for monetary damages brought pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois.

2. Plaintiff, Antonio L. Lee, brings this action to obtain redress for Defendants' misconduct, which has included, among other things, aggravated battery and unlawfully arresting and detaining Plaintiff; causing Plaintiff to sustain emotional, physical and economic injuries.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because Plaintiff's claims arise under the Constitution and laws of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because the facts that gave to the claims occurred within the Northern District of Illinois.

## THE PARTIES

5. At all relevant times, Plaintiff, Antonio L. Lee, resided in Cook County, Illinois.

6. At all relevant times, Defendant City of Markham was a Municipal Corporation and the principal employer of Defendants Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, and Duffin.

7. At all relevant times, Defendant Newell served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

8. At all relevant times, Defendant D. Walker served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

9. At all relevant times, Defendant Earl served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

10. At all relevant times, Defendant Davis served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

11. At all relevant times, Defendant Murdolw a/k/a Murdlow served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

12. At all relevant times, Defendant B. Walker served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of

law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

13. At all relevant times, Defendant Duffin served as a duly appointed City of Markham employee, and acted in his official capacity and under the color of law and in the course and scope of his employment with the City of Markham as a sworn law enforcement officer.

14. At all relevant times, various unknown officers (whose names have yet to be discovered) served as duly appointed City of Markham agents/employees, and acted in their official capacities and under the color of law as sworn law enforcement officers and in the scope of their employment with the city of Markham as sworn law enforcement officers.

15. City of Markham is a municipal corporation, incorporated under the laws of the State of Illinois that employed each of the defendant police officers/agents at all times relevant to this Complaint.

## FACTUAL BACKGROUND

16. On July 31, 2010, Antonio entered the Markham Police Department at the direction of Defendant Officer Newell.

17. Antonio was at the Markham Police Department to bail out a family member.

18. While peacefully waiting at the Markham Police Department, Antonio was subjected to verbal threats by Defendants, Newell, D. Walker, Earl, Davis,

Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown agents/employees of the City of Markham.

19. At no time before the incident did Antonio threaten, provoke or otherwise act in an aggressive manner so that Defendants could have been in fear of their own well-being.

20. While peacefully waiting at the Markham Police Department, without provocation, Antonio was intentionally attacked and beaten by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown agents/employees of the City of Markham.

21. While being beaten by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown agents/employees of the City of Markham, Antonio was dragged into a room that the officers knew had no surveillance cameras.

22. Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown agents/employees of the City of Markham continued to, maliciously and without justification, beat Antonio while in the camera-less room.

23. After being beaten by the afore-mentioned agents/employees of the City of Markham, Antonio was unlawfully arrested and charged with criminal trespass and resisting/obstructing an officer.

24. On or about July 10, 2014, Antonio was found not guilty of all charges against him at trial.

## COUNT I
## 42 U.S.C. § 1983– UNLAWFUL/FALSE ARREST
## WILLFUL AND WANTON
### (Plaintiff v. Defendant Officers and Detectives)

25. Each of the above paragraphs is incorporated as if restated herein.

26. At all relevant times, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin and various unknown officers, served as City of Markham agents/employees, and acted under the color of law and in their official capacities as sworn law enforcement officers and in the course and scope of their employment with the City of Markham.

27. On July 31, 2010, Antonio was willfully and unlawfully arrested by Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown officers, since he was not trespassing and never resisted arrest.

28. The willful and wanton acts or omissions of Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham violated the United States Constitution and infringed upon the constitutionally protected rights of Antonio by willfully and unlawfully detaining and/or arresting him without justification and/or probable cause.

29. The willful and wanton acts or omissions of Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham violated the constitutional right of Antonio to be free from false arrest.

30. Defendant, City of Markham, its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham had a duty not to violate the constitutionally protected rights of Antonio.

31. Defendant, City of Markham, its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham acted with a conscious disregard and/or a reckless disregard for the duty owed to Antonio.

32. As a direct result of the aforementioned willful and wanton acts or omissions by Defendants, City of Markham, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, Antonio was unlawfully arrested and deprived of his liberty without due process of law.

33. As a direct and proximate result of the foregoing willful and wanton acts or omissions by Defendant, City of Markham, by and through its agents and/or employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers of Defendant, City of Markham, Antonio suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT II
## 42 U.S.C. § 1983–EXCESSIVE FORCE
**(Plaintiff v. Defendant Officers and Detectives)**

34. Each of the above paragraphs is incorporated as if restated herein.

35. Defendants, City of Markham, its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham, without provocation, used excessive, unnecessary and/or unreasonable force against Antonio in violation of his rights under the United States Constitution.

36. The conduct of these defendants was intentional, willful, malicious, in reckless disregard of, deliberately indifferent to and/or callously indifferent to the constitutional rights of Antonio under the Fourth And Fourteenth Amendments of the United States Constitution.

37. This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of State law.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

8

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT III
## MALICIOUS PROSECUTION
**(Plaintiff v. Defendant Officers and Detectives)**

38. Each of the above paragraphs is incorporated as if restated herein.

39. Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown officers maliciously and without probable cause, caused false criminal charges of criminal trespass and resisting/obstructing an officer to be filed against Antonio. These charges were in the Circuit Court of Cook County, Case No. 10 MC6 009878.

40. On or about July 10, 2014, Antonio was acquitted of all charges at trial in front of the Honorable Thomas J. Condon.

41. Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown officers maliciously brought these charges against Antonio in an attempt to justify their use of excessive force against him.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT IV
## 42 U.S.C. § 1983–CONSPIRACY
## WILFUL AND WANTON
**(Plaintiff v. Defendant Officers and Detectives)**

Each of the above paragraphs is incorporated as if restated herein.

42. At all relevant times, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown officers served as duly appointed City of Markham agents/employees, and acted under the color of law and in the course and scope of their employment with the City of Markham and in their official capacities as sworn law enforcement officers.

43. On July 31, 2010, Defendant, City of Markham by and through its duly appointed agents/employees, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers/agents of

10

Defendants, City of Markham, lacked probable cause to detain, arrest or charge Antonio, with violations of the Illinois Criminal Code.

44. On July 31, 2010, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers/agents of Defendant, City of Markham, agreed to fabricate evidence to affect an unauthorized arrest.

45. On July 31, 2010, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various officers of the City of Markham agreed to unlawfully arrest Antonio.

46. In furtherance of the agreement between Defendant, City of Markham through its duly appointed agents/employees, Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, did, in fact, unlawfully arrest Antonio.

47. Defendant, City of Markham, its agents/employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham had a duty not to violate the constitutionally protected rights of Antonio.

48. Defendant, City of Markham, by and through its agents/employees Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers of the City of Markham acted with a conscious disregard or a reckless disregard for the duty owed to Antonio.

49. Defendant, City of Markham, its agents/employees Defendants,

11

Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown duly appointed officers, employees/agents of the City of Markham, through its willful and wanton acts acted in concert and knowingly falsified police reports, filed false criminal charges, and conspired to "cover up" the false arrest and detention of Antonio.

50. As a direct and proximate result of the foregoing agreed upon willful and wanton acts or omissions by Defendant, City of Markham by and through its agents and/or employees Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B. Walker, Duffin, and various unknown police officers of Defendant City of Markham, Antonio suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against all Defendants.

D. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT V - FALSE ARREST *MONELL* CLAIM
### (Plaintiff v. City of Markham)

51. Each of the above paragraphs is incorporated as if restated herein.

52. The actions of the Defendant Officers and Detectives, as alleged above, were done pursuant to one or more interrelated *de facto* polices, practices, and/or customs of the City of Markham, its police department, and/or its supervisory personnel.

53. At the time of the incident, the City of Markham, its police department, and/or its supervisory personnel had one or more interrelated *de facto* polices, practices, and/or customs of failing to train the Defendant Officers and Detectives not to violate the Fourth Amendment rights of individuals, including the Plaintiff. Specifically, the Defendant Officers and Detectives were not trained in the proper use and implementation of the legal process. Furthermore, Defendant, City of Markham, failed to properly train its Offices and Detectives on sworn testimony given under oath pursuant to penalties of perjury as said Defendant Officers and Detectives, repeatedly lied under oath in furtherance of the criminal charges against Antonio, which lacked probable cause. This failure led directly to the injuries sustained by Antonio.

54. These policies, practices, and/or customs were the "driving force" and cause of the Defendant Officers and Detectives violating the Fourth Amendment rights of individuals, including Antonio.

55. The actions of the City of Markham, its police department, and/or supervisory personnel were the direct and proximate cause of the violations of

Antonio's Fourth Amendment rights and injuries, described above.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

D. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT VI - CONSPIRACY *MONELL* CLAIM
### (Plaintiff v. City of Markham)

56. Each of the above paragraphs is incorporated as if restated herein.

57. The actions of the Defendant Officers and Detectives, as alleged above, were done pursuant to one or more interrelated *de facto* polices, practices, and/or customs of the City of Markham, its police department, and/or its supervisory personnel.

58. At the time of the incident, the City of Markham, its police department, and/or its supervisory personnel had one or more interrelated *de facto* polices, practices, and/or customs of failing to train the Defendant Officers and Detectives not to violate the Fourth Amendment rights of individuals, including the Plaintiff. Specifically, the Defendant Officers and Detectives were not trained in the proper use and implementation of the legal process. Furthermore, Defendant,

City of Markham, failed to properly train its Offices and Detectives on not to fabricate evidence, Defendant, Officers and Detectives, repeatedly lied using a document that was falsified for the initial charges and thereafter. In furtherance of the criminal charges against Antonio, which lacked probable cause, Defendants lied under oath relying on a document containing false information. This failure led directly to the injuries sustained by Antonio.

59. These policies, practices, and/or customs were the "driving force" and cause of the Defendant Officers and Detectives violating the Fourth Amendment rights of individuals, including Antonio.

60. The actions of the City of Markham, its police department, and/or supervisory personnel were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and injuries, described above.

**WHEREFORE**, Plaintiff, Antonio L. Lee, prays that this Court:

A. Enter judgment in favor of the Plaintiff and against all Defendants.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award attorneys' fees and costs in favor of Plaintiff and against all Defendants.

D. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT VII - ILLINOIS STATE LAW CLAIM OF INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### (Plaintiff v. City of Markham)

61. Each of the above paragraphs is incorporated as if restated herein.

62. Defendant, City of Markham, is the indemnifying entity for the actions of the Defendant Officers and Detectives, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Markham.

**WHEREFORE,** should Defendants, Newell, D. Walker, Earl, Davis, Murdolw a/k/a Murdlow, B,. Walker, and Duffin be found liable of the federal claims set forth above, the Plaintiff, Antonio L. Lee, demands that Defendant, City of Markham be found liable for any judgment (other than punitive damages) he obtains thereon, pursuant to 745 ILCS 10/9-102.

### JURY DEMAND

Plaintiff, Antonio L. Lee, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:** October 24, 2014

      Respectfully submitted,

      **Henderson Adam, LLC**

      By:   /s/ Victor P. Henderson
           One Of The Attorneys For Plaintiff

Victor P. Henderson
Samuel E. Adam
Rebecca R. Kaiser
**Henderson Adam, LLC**
330 South Wells Street, Suite 1410
Chicago, Illinois 60606
Ph: (312) 262-2900
Fx: (312) 262-2901
Firm No. 48932